UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PAULETTE GRIFFITH ET AL**      **CASE NO. 3:22-CV-00050**

**VERSUS**      **JUDGE TERRY A. DOUGHTY**

**WALMART INC ET AL**      **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 53] filed by Defendant Walmart Inc. ("Defendant" or "Walmart"). Paulette Griffith ("Mrs. Griffith") and James Griffith ("Mr. Griffith") (collectively, "Plaintiffs") filed a Response in Opposition [Doc. No. 58], and Defendant has filed a Reply to the Opposition [Doc. No. 60]. On August 15, 2023, Plaintiffs filed a Supplemental Opposition to Defendant's Motion for Summary Judgment [Doc. No. 64], and Defendant filed a Sur-Reply to the Supplemental Opposition [Doc. No. 66].

For the reasons set forth herein, Walmart's Motion for Summary Judgment is **DENIED.**

**I. FACTS AND PROCEDURAL BACKGROUND**

This is a slip-and-fall case arising out of an October 31, 2020, incident at Walmart in Bastrop, Louisiana.[1] Mrs. Griffith was shopping in the store when she allegedly tripped over a two to two-and-a-half-inch "exposed edge and/or corner of [a] wooden pallet" that was placed in the main aisle of the grocery department, otherwise known as "Action Alley,"[2] and used as a base for a "display consisting of a cardboard box containing multiple individual packages of rice for sale."[3] Mrs. Griffith states that she was pushing her shopping cart to the other side of the store

---

[1] [Doc. No. 16 ¶ 17].
[2] [Doc. 58-3, p. 9].
[3] [Doc. No. 16 ¶ 17].

...
...

when she tripped and fell on the corner of the pallet.[4] She affirms she did not see the protruding pallet corner because it was low to the ground, and thus, out of her vision.[5]

The wooden pallet was approximately six to eight inches in height, and the whole display, which consisted of the pallet and white cardboard box, was approximately waist height.[6] Mrs. Griffith testified that she did see the display but did not see the pallet on which the display was sitting.[7] The wooden pallet did not contain any warning signs on or near the wooden pallet and cardboard box.[8] After the fall, Walmart's assistant manager, Charles Spencer, conducted routine trip and fall protocol that consisted of, among other things, an incident report.[9] Spencer noted that "Customer . . . tripped over rice dump bin pallet."[10] Per Walmart's handbook policies and procedure guidelines ("The Policy"), it expressly and unambiguously states "Cover the corners of pallets, endcaps, and stackbases on the sales floor."[11]

In its Motion, Defendant maintains that Plaintiffs are unable to prove the merchandise display presented an unreasonable risk of harm.[12] Additionally, in the Reply, Defendant objects to the affidavit of Phillip Beard, Plaintiffs' purported expert, on the basis that Phillip Beard's affidavit must meet the requirements of Rule 702 and *Daubert* to be admissible.[13] As explained below, the Court agrees with Defendant regarding Phillip Beard's affidavit and does not consider it while assessing the Motion. Regardless of Phillip Beard's affidavit, the Court disagrees with

---

[4] [Doc. No. 53-5, p. 6].
[5] [Doc. No. 16 ¶ 17].
[6] [Doc. No. 58-3, p. 17].
[7] [Doc. No. 53-5 p. 8].
[8] [Doc. No. 58-3, p. 7].
[9] [Doc. No. 58-3, p. 8].
[10] [Id].
[11] [Doc. No. 58-3 p. 17].
[12] [Doc. No. 53-1 p. 1].
[13] [Doc. No. 60 p. 6].

2

Defendant's contentions regarding the unreasonable risk of harm of the wooden pallet, its location, and its condition and maintains there is a genuine issue of material fact.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and

3

uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B. Louisiana Merchant Liability Act R.S. 9:2800.6

Plaintiffs' claims fall under the Louisiana Merchant Liability Act, which states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The statute requires the plaintiff to prove: (1) there was a condition that presented an unreasonable risk of harm, and that risk of harm was reasonably foreseeable; (2) the merchant either created the condition or had actual or constructive notice of the condition; and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081, 1084 (La. 1997).

Courts have adopted a risk/utility balancing test to determine whether a condition was unreasonably dangerous. The test is as follows: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K Stores, Inc*. 359 So.3d 467, 474 (La. 2023) (citing *Broussard*), 113 So.3d at 184; *Dauzat v. Curnest Guillot Logging, Inc.*, 08-528, p. 5 (La. 12/2/08), 995 So.2d 1184, 1186-87 (per curiam); *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, pp. 9-10 (La. 2/20/04), 866 So.2d 228, 235; *Pitre v. Louisiana Tech Univ.*, 95-1466, pp. 11-15 (La. 5/10/96), 673 So.2d 585, 591-93.

"If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached." *Farrell*, 359 So.3d at 478. "Summary judgment, based on the absence of liability, may be granted upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous." *Id.*

### 1. Unreasonable Risk of Harm

Defendant argues that Plaintiffs cannot satisfy their burden of proof as required under the Louisiana Merchant Liability Revised Statute to show that the pallet posed an unreasonable risk of harm.[14] "Trip and fall cases in which courts have denied summary judgment generally involve customers tripping on objects located on the floor or low to the ground."[15] *Glenn,* 2018

---

[14] [Doc. No. 53-1, p. 1].
[15] *See, e.g.*, *Jones v. Arch Ins. Co.*, No. CIV.A. 12-2029, 2013 WL 5441354, at *4 (W.D. La. Sept. 27, 2013) (finding that a low shelf, six-inches off the floor, may not have been open and obvious); *Nunez v. Dolgencorp*, LLC, No. 2:12-CV-630-PM-KK, 2013 WL 2458736, at *9-10 (W.D. La. June 6, 2013) (genuine dispute of material fact existed as to whether clothing rack base that jutted out into an aisle was open and obvious); *Guerrero*, 165 So. 3d at 1098 (reversing trial court's grant of summary judgment, finding that a 10-inch high box left in an aisle was not open and obvious and presented an unreasonable risk of harm).

WL 5260044. The logic behind such is that a customer's attention is generally directed at the merchandise and not the floor. *Id*; *See also Broussard v. Family Dollar Store*, 918 So.2d 1148, 1150-51 (La. Ct. App. 3rd Cir. 2005) (holding that a hand-held shopping container left on the floor of a store, which a customer tripped over, was a hazard).

Defendant relies heavily on *Primrose*, where the plaintiff tripped on the corner of a pallet that held a watermelon display. *Primrose*, 127 So.3d at 14. The plaintiff appealed the trial court's grant on a motion for summary judgment and the Louisiana Second Circuit Court of Appeal's affirmed the judgment, reasoning that the corners of the display were open and obvious, such that they did not present an unreasonable risk of harm. *Id*. at 15. Although this case does have similar qualities to the present case, a substantial difference is that in *Primrose*, warning signs were given on each of the display's corners. *Id.* at 17.

In the case at hand, there were no warning signs on any corner of the display.[16] While it is true that a pallet does not inherently pose an unreasonable risk, that is not to say that a pallet may never pose an unreasonable risk. *Reed v. Home Depot, Inc*. 843 So.2d 588, 591 (La. Ct. App. 2nd Cir. 2003).

The courts presume that because a customer's attention is generally directed at merchandise, items on or near the floor may cause trip and fall hazards. *Broussard v. Family Dollar Store*, 918 So. 2d 1148, 1151 (La. Ct. App. 3rd Cir. 2005). The photographs submitted with the Motion depict the pallet's corners protruding from under the large, white, cardboard display nearly two to two-and-a-half inches.[17] Mrs. Griffith testified that although she saw the

---

[16] [Doc. No. 53-2].
[17] [Doc. No. 58-2, p. 44].

white display box, she did not see the corner of the pallet as her attention was not directed toward the ground.[18]

This Court greatly takes into consideration The Policy for "Slip, Trip and Fall Guidelines," that expressly acknowledges the dangers of exposed, low-lying corners. Particularly, employees are to "cover the corners of pallets, endcaps, and stackbases on the sales floor." Additionally, "All associates need to watch for trip hazards around the store. Always Check for: Exposed corners of stackbases and endcaps."[19]

The Policy and acknowledgment of such creates a genuine issue of material fact as to whether a reasonable factfinder could conclude that the exposed pallet corners were unreasonably dangerous. This Court does not base its findings on Philip Beard's affidavit because just considering The Policy alone unambiguously creates a genuine issue of material fact. If Defendant desires to address Phillip Beard's testimony, it must do so accordingly by raising such issue in the proper form.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Summary Judgment [Doc. No. 53] filed by Defendant Walmart is **DENIED**.

MONROE, LOUISIANA, this 6th day of September 2023.

 _____
 **TERRY A. DOUGHTY**
 **UNITED STATES DISTRICT**

---

[18] [Doc. No. 58-6, p. 61].
[19] [Doc. No. 58-3 p. 17].