UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PAULETTE GRIFFITH ET AL**            **CASE NO. 3:22-CV-00050**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**WALMART INC ET AL**                   **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

This is an action involving claims for personal injuries arising out of a slip and fall incident at the Walmart store located in Bastrop, Louisiana, on October 31, 2020. Pending here is an Omnibus Motion in Limine [Doc. No. 71] filed by Plaintiffs Paulette Griffith ("Mrs. Griffith") and James Griffith ("Mr. Griffith") (collectively "Plaintiffs"). Defendants Walmart Inc. and Wal-Mart Louisiana, LLC (collectively, "Defendants") filed an opposition [Doc. No. 89].

For the following reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    FACTS AND PROCEDURAL HISTORY**

This is a slip-and-fall case arising out of an October 31, 2020, incident at Walmart in Bastrop, Louisiana.[1] Mrs. Griffith was shopping in the store when she allegedly tripped over a two to two-and-a-half-inch "exposed edge and/or corner of [a] wooden pallet" that was placed in the main aisle of the grocery department, otherwise known as "Action Alley,"[2] and used as a base for a "display consisting of a cardboard box containing multiple individual packages of rice for sale."[3] Mrs. Griffith states that she was pushing her shopping cart to the other side of the store when she tripped and fell on the corner of the pallet.[4] She affirms she did not see the protruding

---

[1] [Doc. No. 16 ¶ 17].
[2] [Doc. 58-3 p. 9].
[3] [Doc. No. 16 ¶ 17].
[4] [Doc. No. 53-5 p. 6].

1

pallet corner because it was low to the ground, and thus, out of her vision.[5] Mrs. Griffith claims that she has suffered severe and life altering injuries, specifically to the right side of her body.[6] Mr. Griffith, who was Mrs. Griffith's husband at the time of the incident, asserts a claim for loss of consortium.[7]

Plaintiffs filed suit in the Fourth Judicial District in Morehouse Parish on or around October 1, 2021.[8] The suit was properly removed to this Court on the basis of diversity jurisdiction. Defendants filed a Motion for Summary Judgment, which was denied on September 6, 2023.[9] Plaintiffs filed this Omnibus Motion in Limine on September 15, 2023.

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

"The grant or denial of a motion in limine is considered discretionary, and thus will only be reversed for an abuse of discretion and showing of prejudice." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). "Motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Luv n'care v. Laurain*, No. CV 3:16-00777, 2021 WL 3440623 (W.D. La. Aug. 5, 2021).

### A. Analysis

#### 1. Payment and/or Nonpayment of Medical Expenses

Plaintiffs argue that any reference to payments or non-payments of medical expenses, invoices, or treatment by a collateral source should be excluded from evidence under the collateral

---

[5] [Doc. No. 16 ¶ 17].
[6] [Doc. No. 71-1 p. 2].
[7] [Doc. No. 89 p. 1].
[8] [Doc. No. 1-2].
[9] [Doc. No. 68].

2

source rule. In opposition, Defendants argue that Plaintiffs' request is beyond the scope of the collateral source rule. Specifically, Defendants argue the collateral source rule does not apply to Medicaid payments.

The collateral source rule blocks the introduction of evidence that a plaintiff has received benefits or payments from a collateral source independent of the tortfeasor's procuration or contribution. *Bozeman v. State*, 879 So.2d 692 (La. 2004). "The collateral source rule is designed to protect innocent victims whose patrimony has been diminished in order to procure the benefit of payment from a source other than the tortfeasor." *Suhor v. Lagasse*, 770 So.2d 422, 427 (La. Ct. App. 4th Cir. 2000) (citing *Bryant v. New Orleans Public Service Inc.*, 406 So.2d 767, 768 (La. Ct. App. 4th Cir. 1981)). Healthcare debt is extinguished by operation of law when the healthcare provider accepts payments by Medicaid or Medicare. *Bozeman, 879 So.2d at 705.* By accepting such payments no patrimony is actually diminished. *Id.* When obtaining a collateral source does not diminish a plaintiff's patrimony, the collateral source rule does not apply. *Simmons v. Cornerstone Investments, LLC,* 282 So.3d 199, 202 (La. 2019) (holding the discount of medical expenses paid by worker's compensation was not payment to plaintiff from a collateral source).

Defendants intend to introduce both evidence of expenses paid by Medicaid as set out in the Healthy Blue Claim Summary,[10] and testimony from Mrs. Griffith concerning her eligibility and benefits. Although Plaintiffs' request is vague as to exactly what payments should be deemed inadmissible, any Medicaid payments, write offs, or discounts, are admissible and not barred under the collateral source rule because, as stated in *Suhor v. Lagasse*, such payments do not actually diminish one's patrimony.

---

[10] [Doc. No. 89-1].

Any benefits that Plaintiffs have received from their attorney's office are not relevant to the case. Moreover, any other evidence that is barred under the collateral source doctrine, such as payments that diminish Plaintiffs' patrimony, is not admissible. Thus, to the extent Defendants attempt to introduce evidence that Plaintiffs received benefits in the form of medical payments from the attorney's office or other evidence barred under the collateral source rule, the Motion is **GRANTED**.

However, to the extent that Defendants move to introduce all other evidence concerning payments, such as any Medicaid payments and worker's compensation payments, the Motion is **DENIED**.

### 2. Prior or Subsequent Injuries

Plaintiffs contend that any references of claims and injuries prior or subsequent to the incident at issue would be unfairly prejudicial and irrelevant. Specifically, Plaintiffs were involved in an automobile accident on September 3, 2021, where both Plaintiffs asserted personal injury claims. Defendants argue that such evidence of prior or subsequent claims is wholly relevant in determining damages. The Court agrees with Defendants.

"A review of Louisiana jurisprudence, wherein evidence of prior injuries and claims have been admitted, indicates that courts typically admit such evidence where it goes to a plaintiff's credibility." *Miciotto v. Hobby Lobby Stores, Inc.*, No. 6:19-CV-00735, 2021 WL 220113 at *2 (W.D. La. Jan. 21, 2021). Evidence concerning plaintiffs' previous accidents, injuries, and lawsuits is wholly relevant to the issues of causation and damages. *Gongora v. Snay*, 626 So.2d 759, 761 (La. Ct. App. 5th Cir. 1993). "The diagnosis, treatment, and symptoms of [plaintiff's] injuries in the [previous] accident are directly relevant to the issue in this case of whether earlier injuries were aggravated by the [later] accident." *Bonds v. Padlock*, No. CIV.A. 06-7830, 2008 WL 4889794 at

\*3 (E.D. La. Nov. 10, 2008). "Information regarding prior injuries to Plaintiffs may be relevant and admissible if related to the injuries Plaintiffs are claiming in this case." *Horridge v. Keystone Lines*, No. 1:06 CV 1226-HSO-JMR, 2008 WL 4514313 at \*4 (S.D. Miss. Oct. 1, 2008).

Evidence of prior or subsequent accidents or injury that is of the same kind of damages claimed in the current suit is clearly admissible. Here, Plaintiffs were involved in a car accident nearly one year after the slip and fall incident. Defendants seek to introduce evidence of the suit that is currently pending in the Fourth Judicial District Court in Morehouse Parish, Docket No. 2022-302.[11] Both suits are for personal injury claims for several related injuries, such as but not limited to, cognitive issues, depression, and pain in limbs.

For the reasons above, the Court finds that Plaintiffs' Motion to exclude evidence of any prior or subsequent accidents or injuries that relate to the same claims of damages as prayed for in this suit is **DENIED**.

### 3. Overutilization of Medical Treatment

Plaintiffs argue that Defendants should be prevented from arguing and/or presenting any evidence that the Plaintiff has engaged in overutilization of any medical treatment. Defendants argue such request is "overly broad, vague, and contrary to law." The Court agrees with Defendants.

In *Dawson v. Carbollosa*, NO. CIV.A. 14-0057, 2014 WL 7179705 (W.D La. Dec. 17, 2014), this Court considered a nearly equivalent issue. The plaintiff asked the Court to prohibit any evidence that Plaintiff had engaged in overutilization of any medical treatment and evidence that medical treatment was not necessary yet failed to identify any specifics. *Id.* at \*4. In *Kelly v. Patel*, 1:20-CV-01291, 2021 WL 2460560 (W.D. La. June 16, 2021), this Court also denied

---

[11] The pending suit's title is *Paulette Griffith v. The Charter Oak Fire Insurance Company, Louisiana Bancshares, Inc. d/b/a/ Louisiana National Bank and Erroll McGuire.*

granting a motion in limine due the motion's "vague, overbroad and unsupported requests." *See Ogden*, 2019 WL 5295495, at *1 (denying motion in part as "overly broad, void of specific context, and insufficiently supported"); *Grant v. CRST Expedited, Inc.*, 1:18-CV-433, 2021 WL 2101741, at *8 (E.D. Tex. Apr. 7, 2021) (denying motion in limine, in part, as overly vague); *Montgomery v. CitiMortgage, Inc.*, 2:12-CV-007, 2013 WL 3895046, at *6 (S.D. Miss., July 29, 2013) (denying overly broad motion where "the potential for undue prejudice warranting a blanket exclusion has not been shown"); *Foradori v. Captain D's, LLC*, 1:03-CV-669, 2005 WL 6736846, at *4 (N.D. Miss. Sept. 29, 2005) (denying in part as overbroad motion in limine to exclude various forms of evidence and requests that are redundant recitations of rules of evidence and/or civil procedure).

Similarly, Plaintiffs here fail to identify any specific evidence regarding overutilization of medical treatment and essentially asks the Court to rule how it would at trial where such specifics would likely be given. Regardless of specifics, overutilization of medical treatment does not offend Rule 403 because occasionally factfinders consider such overutilization in deciding damages.

Because of such the vague requests concerning overutilization of medical treatment, Plaintiffs' Motion on this matter is **DENIED**.

### 4. Prior Bad Acts, Convictions, Prison Time, or Probation

Plaintiffs argue that Defendants should be prohibited from mentioning any prior bad acts, convictions, prison time, or probation of either Plaintiff under Federal Rules of Evidence 404(b) and 609. Defendants contend that the purpose of such evidence is to exhibit aggravating circumstances that led to Plaintiffs' divorce and impeach the credibility of the Plaintiffs and witnesses expected to testify that the incident at Walmart induced the termination of their marriage. Additionally, Mr. Griffith's claim of loss of consortium directly relates to the marital relationship.

Moreover, the domestic abuse battery charge may be relevant in determining damages and whether the battery aggravated Mrs. Griffith's claims concerning injuries resulting from the trip and fall at Walmart that is the focal point of this suit.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Federal Rule of Evidence 609 prohibits "attacking a witness's character for truthfulness by evidence of a criminal conviction." "Pursuant to Evidence Rule 609(a)(1)(A), evidence of [an aggravated battery conviction] must be admitted in a civil case, subject to Evidence Rule 403." *Griffin v. REC Marine Logistics LLC*, No. CV 20-00092-BAJ-EWD, 2023 WL 1965428 (M.D. La. Feb. 13, 2023). A court may exclude evidence if the probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The evidence intended to be introduced by Defendants regarding the domestic abuse charge is relevant and of substantial probative value in assessing credibility, impeaching witnesses, and establishing damages. Moreover, Federal Rules of Evidence 609 was wrongly applied in Plaintiffs' Motion.

For the reasons above, Plaintiffs' Motion on this issue is **DENIED**.

### 5. Attorney Client Privilege

Plaintiffs first asks the Court to prohibit Defendants from any statement, mention, reference, or evidence as to how and why Plaintiffs employed their attorney and any statement or legal advice, which would be privileged communication. Additionally, Plaintiffs requests that any evidence about Plaintiffs' contacting, hiring, and getting legal advice regarding referrals to

healthcare provider should be prohibited due to relevancy. Conversely, Defendants argue in Opposition that such request is "overbroad and legally incorrect."

"In a diversity case, state law provides the applicable law of attorney-client privilege." *Robert v. Maurice*, NO CV 18-11632, 2022 WL 5060962 at * 5 (E.D. La. Mar. 14, 2022). Louisiana Code of Evidence article 506(B) states that "[a] client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client." *Bridlington Co., L.L.C. v. S. Disposal Servs., L.L.C.*, 216 So. 3d 219, 22 (La. Ct. App. 2nd Cir. 2017). "The party seeking to assert the attorney-client privilege has the burden of proving that the privilege is applicable." *Id.*

In *Robert v. Maurice*, the court stated the communications between the plaintiff and his attorney regarding referrals to medical treatment were not protected by the attorney client privilege because it did not involve disclosure of confidential communications. *Id.* at*5. Moreover, discussions regarding referrals to doctors and other experts that are used for litigation are protected, but general referrals regarding plaintiff's health are not protected. *Sorino v. Treasure Chest Casino, Inc.*, No. CIV.A. 95-3945, 1996 WL 736962 (E.D. La. Dec. 23, 1996).

To the extent Plaintiffs are requesting the Court to prohibit evidence at trial regarding legal counsel's referral to medial healthcare providers, the Motion is **DENIED**.

With respect to Plaintiffs' request that evidence concerning the employment of legal counsel be excluded at trial, the Motion is **DENIED.**

To the extent Defendants intend to introduce evidence regarding any of Plaintiffs' legal communications between themselves and their attorneys or a legal representative, the Motion is **GRANTED**.

### 6. Prior Settlements

Plaintiffs argue that evidence of any prior settlements resulting from prior claims and/or lawsuits should be prohibited as it would be unfairly prejudicial. However, Defendants do not intend to introduce evidence of prior settlements. In any event, if prior settlement issues arise, the Court finds that it is more appropriate to rule on any such evidence in the trial.

Therefore, the Motion on this issue is **DENIED as moot.**

### 7. Photographs, Movies, and Videotapes

Plaintiffs argue that Defendants should be prohibited from mentioning or alluding to any photographs, movies, videotapes, audiotapes, or similar displays without notifying Plaintiffs' counsel. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot**.

### 8. Impeachment Evidence

Plaintiffs contend that any references or evidence of impeachment evidence not timely shared should be excluded. Defendants contend that such request is based on a "mischaracterization of the law."

"The purpose of motions in limine is ... to identify specific issues which are likely to arise at trial [.].." *Luv n'care v. Laurain*, No. CV 3:16-00777, 2021 WL 3440623(W.D. La. Aug. 5, 2021) (quoting *Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495 at *1, 2019 U.S. Dist. LEXIS 180504 at *2 (W.D. Tex. Oct. 18, 2019)). Plaintiffs cite to *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 515 (5th Cir. 1993), where the defendant showed a videotape at trial of plaintiff shopping in effort to impeach her credibility that the accident at issue affected her daily life. The Fifth Circuit stated that the video should have been disclosed prior to trial because not only was it impeachment evidence, but it was, at the least, substantive in nature.

In this case, Plaintiffs do not disclose any specific impeachment evidence. Plaintiffs merely ask for exclusion of all impeachment evidence not shared. Moreover, Plaintiffs do not identify any evidence not timely shared that is substantive in nature.

Due to Plaintiffs' vague request with no specific evidence, the Motion is **DENIED.**

### 9. Adverse Effect of a Judgment

Plaintiffs argue that any mention or suggestion of adverse effect of judgment should be prohibited under Federal Rules of Evidence Rules 401-403. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot.**

### 10. Adverse Financial Impact

Plaintiffs argue that any mention or suggestion of a financial impact of a verdict against Defendants should be prohibited under Federal Rules of Evidence Rules 401-403. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot**.

### 11. Adverse Effect of Judgment on Insurance Premiums

Plaintiffs argue that any mention or suggestion of an adverse effect of a judgment on insurance premiums should be prohibited under Federal Rules of Evidence Rules 401-403. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot**.

### 12. Evidence Precluded by the Court

Plaintiffs argue that any mention or suggestion of evidence that has already been precluded by the Court should be inadmissible evidence at trial. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot**.

### 13. Motions in Limine Filed

Plaintiffs argue that any mention or suggestion of the motions in limine filed is inadmissible evidence at trial. Defendants do not intend to introduce any such evidence.

Therefore, the Motion on this issue is **DENIED as moot**.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiffs' Motion in Limine [Doc. No. 71] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to the issues concerning medical payments from the attorney's office, and any legal communications between Plaintiffs' and their attorneys as protected under the attorney-client privilege.

**IT IS FURTHER ORDERED** that to the extent that Plaintiffs move to exclude the evidentiary issues concerning evidence of Medicaid payments, discounts, or write-offs, evidence of prior accidents or injuries with related claim of damages, evidence of overutilization of medical treatment, evidence of prior bad acts, convictions, prison time, or probation, evidence of medical referrals to health care providers, evidence of employment of legal counsel, and impeachment evidence, the Motion is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **DENIED as moot** so far as they move to exclude any evidence concerning the evidence of prior settlements, photographs, movies and videotapes, adverse effect of a judgment, adverse financial impact, adverse effect of judgment on insurance premiums, evidence precluded by court, and the motions in limine filed.

MONROE, LOUISIANA, this 18th day of October 2023.

                                                                                                                                                                                                   _____
                                                                                                                                                                                                   Terry A. Doughty
                                                                                                                                                                            United States District Judge